IN THE UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF NORTH CAROLINA
WILMINGTON DIVISION
CIVIL ACTION NO: 4:17-cv-130

BOBBY EDWARD OWENS, JR. AND
PRECISE BUILDING & GROUNDS
MAINTENANCE CORP.,

    Plaintiffs,

v.

WOODRUFF INSURANCE AGENCY,
INC. AND STATE FARM MUTUAL
AUTOMOBILE INSURANCE
COMPANY,

    Defendants.

**NOTICE OF REMOVAL**

Please take notice that Defendant, State Farm Mutual Automobile Insurance Company, (hereinafter referred to as "Defendant and/or State Farm") hereby removes this action from Superior Court of New Hanover County to the United States District Court for the Eastern District of North Carolina.

## I. NATURE OF ACTION

1. On or about August 18, 2017, Plaintiffs filed in the Superior Court of New Hanover County a Complaint against State Farm seeking reformation of an insurance contract. (See Complaint, Paragraph 11)

## II. NOTICE OF REMOVAL IS TIMELY

2. State Farm was served with a copy of the Summons and Complaint on August 23, 2017.

3. Pursuant to 28 USC § 1446(b), this Notice of Removal is timely as it was filed within thirty (30) days of service of process on State Farm.

### III. FEDERAL JURISDICTION EXISTS

4. Pursuant to 28 USC § 1332(a), as set forth below, complete diversity exists because the inclusion of Defendant Woodruff Insurance Agency, Inc. constitutes fraudulent joinder, leaving State Farm in complete diversity with Plaintiffs, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. Accordingly, this Court has federal diversity jurisdiction over this civil action. See 28 USC § 1332(a); see also Mayes v. Rapoport, 198 F.3rd 457 (4th Circuit 1999).

**A. Complete diversity exists between Plaintiffs and Defendant.**

5. Plaintiffs in this action are a citizen/resident of New Hanover County and a corporation organized under the laws of North Carolina. (Complaint, Paragraphs 1-2)

6. Defendant Woodruff Insurance Agency, Inc. is a corporation organized under the laws of North Carolina. (Complaint, Paragraph 3)

7. Defendant Woodruff Insurance Agency, Inc. is a nominal party to this action, its presence in this action constitutes fraudulent joinder and its citizenship as a North Carolina corporation is therefore irrelevant to the issue of whether complete diversity exists between the parties. Plaintiffs seek reformation of the insurance contract with State Farm. There is no cause of action pled against the agent in the Complaint. See Wayne J. Griffin Elec., Inc. v. Travelers Prop. Cas. Co. of Am., 2014 U.S. Dist. LEXIS 27263, *6-7 (M.D.N.C. Mar. 4, 2014) (quoting Blue Mako, Inc. v. Minidis, 472 F. Supp. 2d 690, 696 (M.D.N.C. 2007) ("Examples of situations reflecting nominal parties 'include one where the party was not involved in the activities charged in the complaint, [the party] ha[s] already settled with the plaintiff, [the party] ha[s] only been

named as [a] John Doe defendant[], or where there is no basis for imputing liability.'") (emphasis added)).

8. Defendant State Farm's principal place of business is located in Illinois. State Farm is a citizen of Illinois.

9. Because Plaintiffs are citizens of North Carolina and State Farm is a citizen of Illinois, and the citizenship of Defendant Woodruff Insurance Agency, Inc. is irrelevant to the inquiry, complete diversity exists in this action.[1]

**B.  The Amount in Controversy Exceeds $75,000.00 Exclusive of Interest and Costs.**

10. Plaintiffs seek reformation of the State Farm Policy No. 067 1496-E18-33H which policy provides for $1,000,000.00 in uninsured/underinsured motorist coverage.

### IV.  REMOVAL TO THIS DISTRICT COURT IS PROPER

11. Venue is proper in the United States District Court for the Eastern District of North Carolina because the Superior Court of New Hanover County, North Carolina, sits within this district. See 28 USC § 1446(a); 28 USC § 1391(a).

### V.  CONSENT AND REMOVAL REQUIREMENTS

12. Pursuant to 28 USC § 1446(a), copies of all process, pleadings and orders served to date upon Defendant in this matter are attached hereto as Exhibit 1.

13. This Notice of Removal will be promptly served on Plaintiffs and a Notice of Filing will be promptly filed with the Clerk of Superior Court in New Hanover, North Carolina, pursuant to 28 USC § 1446(d).

### VI. RESERVATION OF RIGHTS

---

[1] Because Plaintiffs are allegedly State Farm insureds, rather than a third person with a "direct action" against the insurer, Plaintiffs cannot rely upon the application of the direct action exception to determine an insurer's state of citizenship pursuant to 28 USC § 1332(c)(1).

14. Defendant hereby reserves any and all rights to assert any defenses and/or responses to Plaintiffs' Complaint.

15. Defendant hereby reserves the right to defend or supplement this Notice of Removal and to further support the grounds for removal by a Memorandum or Law or oral argument.

WHEREFORE, Defendant, State Farm Mutual Automobile Insurance Company, by and through undersigned counsel, hereby gives notice that the above-entitled matter has been timely removed to this Court.

This the 18th day of September, 2017.

/s HEATHER G. CONNOR
Bar No: 27653
Attorney for Defendants
McAngus Goudelock & Courie, PLLC
Post Office Box 30307
Charlotte, North Carolina 28230
(704) 643-6303
heather.connor@mgclaw.com

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was served upon all counsel of record by CM/ECF notification and/or by depositing a copy of the same in an official depository of the US Mail in a postage paid envelope addressed as follows:

>mbaker@bakerlawfirmpllc.com
>H. Mitchell Baker, III
>Collins Law Firm, PC
>Oleander Oaks
>5725-F2 Oleander Drive
>Wilmington, North Carolina 28403
>Attorney for Cynthia Owens

This the 18th day of September, 2017.

>/s HEATHER G. CONNOR
>Bar No: 27653
>Attorney for Defendants
>McAngus Goudelock & Courie, PLLC
>Post Office Box 30307
>Charlotte, North Carolina 28230
>(704) 643-6303
>heather.connor@mgclaw.com